GIOVANNI P. ALTOBELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Altobelli v. Commissioner
Docket No. 8173-72.
United States Tax Court
T.C. Memo 1975-53; 1975 Tax Ct. Memo LEXIS 319; 34 T.C.M. (CCH) 318; T.C.M. (RIA) 750053; March 11, 1975, Filed *319 Jonathan I. Epstein, for the petitioner. Gerald J. O'Toole, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1970 in the amount of $1,420.95. The sole issue is the deductibility of gambling losses of $6,640. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by reference. Petitioner resided in Trenton, New Jersey, when he filed his petition. His income tax return for the taxable year 1970 was filed with the Internal Revenue Service Center, Philadelphia, Pennsylvania. During 1970, petitioner was employed as a taxicab driver. His income from such employment for the entire year was $1,389.28. In July 1970, he won the "Big E" race at Liberty Bell Race Track in Philadelphia, Pennsylvania, which paid him $8,328. He reported this amount as his sole winnings on his income tax return for 1970 and claimed gambling losses of $8,000. Petitioner submitted ticket stubs for races he contended he did not win to the Internal Revenue Service, all of which were dated after he won *320 the "Big E." The Internal Revenue Service allowed losses to the extent of $1,360 and disallowed the remainder of the losses claimed, $6,640. Petitioner maintained no books and records of his winnings or losses from race track wagers. Petitioner resided with his parents throughout 1970. When he won the "Big E" petitioner gave his mother $1,000 to enable her to take a trip to Italy to visit her family. He also paid for the airplane tickets for himself and his mother to Italy and return. Seven members of the family made the trip. The family visited relatives in Italy for one month in 1970. During 1970, petitioner placed horse bets at various race tracks. During 1970, petitioner won some races but did not report any winnings on his income tax return for that year except the "Big E." Petitioner did not sustain gambling losses in 1970 in excess of $1,360 allowed by the Commissioner in his statutory notice of deficiency. OPINION The gist of petitioner's case to support his $8,000 gambling loss deduction is that he had no money at the end of the year and because he frequently gambled at the race track he must have lost $8,000. The sketchy facts of petitioner's finances are *321 detailed in the findings of fact above. Petitioner expects us to apply the rule of Cohan v. (C.A. 2, 1930), and allow him a loss greater than allowed by the Commissioner. This we will not do. Petitioner had winnings he did not report, he submitted one losing ticket for a race at Liberty Bell which occurred while he was in Italy, and his deduction was admittedly a guess. We are unconvinced by petitioner's testimony as to the amount of loss he sustained and we will not impose a guess on a guess and allow him to deduct more than the Commissioner allowed. Decision will be entered for the respondent.